**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

CATHERINE B.,

                Plaintiff,

    v.                                            5:23-CV-576
                                                    (TJM/DJS)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

**APPEARANCES:**                             **OF COUNSEL:**

LAW OFFICES OF KENNETH HILLER, PLLC      JUSTIN M. GOLDSTEIN,
Attorney for Plaintiff                         ESQ.
6000 North Bailey Avenue - Suite 1A
Amherst, New York 14226

U.S. SOCIAL SECURITY ADMIN.             FERGUS J. KAISER, ESQ.
OFFICE OF THE GENERAL COUNSEL
Attorney for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER[1]

    Plaintiff brought this action pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt. No. 1. Currently before the Court are Plaintiff's and Defendant's respective Motions

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

for Judgment on the Pleadings. Dkt. Nos. 12, 14-15. For the following reasons, it is recommended that Plaintiff's Motion be denied and Defendant's Motion be granted.

## I. BACKGROUND

### A. Factual Background

Plaintiff was born in 1997, has work experience as a salesclerk, and completed some college. Dkt. No. 8, Admin. Tr. ("Tr."), pp. 42-46, 60. Plaintiff alleges disability due to autoimmune encephalitis, seizures, borderline personality disorder, depression, and anxiety. Tr. at p. 61. In 2021, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income. Tr. at pp. 270-283. Plaintiff's applications were denied, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 160-161. On September 21, 2022, Plaintiff appeared and testified at a hearing before ALJ Kenneth Theurer. Tr. at pp. 34-59. On September 30, 2022, ALJ Theurer issued an unfavorable decision finding that Plaintiff was not disabled. Tr. at pp. 17-27. On April 25, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-3.

### B. The ALJ's Decision

In his decision, ALJ Theurer first determined that Plaintiff met the insured status requirements through September 30, 2025. Tr. at p. 19. Second, he found that Plaintiff had not engaged in substantial gainful activity since October 1, 2020, the alleged disability onset date. *Id.* Third, the ALJ found that Plaintiff had the following severe

impairments: disorder of the right shoulder, autoimmune encephalitis, migraines, a depressive disorder, and an anxiety disorder. Tr. at p. 20. Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1. *Id.* Thereafter, the ALJ concluded that Plaintiff had the residual functional capacity ("RFC") to perform "light work" with the following limitations:

> [T]he claimant can never climb ladders/ropes/scaffolds, and she can only occasionally perform all other postural activities. The claimant can tolerate no more than moderate levels of noise, as defined in Appendix D of the Selected Characteristics of Occupations, 1993 Edition; and she should avoid work outdoors in bright sunshine, as well as work with bright or flickering lights such as would be experienced in welding or cutting metals. She cannot reach overhead with the right upper extremity, but she can frequently reach in all other directions. The claimant must avoid work at unprotected heights or in conjunction with dangerous machinery. She can understand and follow simple instructions and directions; perform simple tasks with or without supervision; and maintain attention/concentration for simple tasks. The claimant can regularly attend to a routine and maintain a schedule. She can relate to and interact appropriately with others (coworkers, supervisors and the public) to the extent necessary to carry out simple tasks. She is limited to simple, routine and repetitive tasks in a work environment free of fast-paced production requirements and involving only simple, work-related decisions with few, if any, workplace changes.

Tr. at pp. 22-23.

Sixth, the ALJ found that Plaintiff was categorized as a "younger individual," had at least a high school education, and was unable to perform any past relevant work. Tr. at p. 25. Job skill transferability was then found to be immaterial. Tr. at p. 25. Based on Plaintiff's age, education, work experience, and RFC, the ALJ determined that Plaintiff could perform several jobs existing in "significant numbers in the national

economy," including marker, routing clerk, and mail clerk. Tr. at pp. 25-26. Finally, the ALJ concluded that Plaintiff was not disabled as defined in the Act. Tr. at p. 26.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act, the validity of

which has been recognized by the Supreme Court. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 141-42 (1987). The five-step process asks:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson*, 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff alleges the ALJ's RFC finding is not supported by substantial evidence because the ALJ did not properly consider (1) Plaintiff's subjective complaints and (2) the consistency between several medical opinions. Dkt. No. 12, Pl.'s Mem. of Law at pp. 9-25. Meanwhile, Defendant asserts that the ALJ's analysis and ultimate decision are both supported by substantial evidence. Dkt. No. 14, Def.'s Mem. of Law at pp. 6-16.

#### A. Evaluation of Medical Evidence

##### 1. *Plaintiff's Subjective Complaints*

Plaintiff's assertion that the ALJ did not properly evaluate her subjective complaints does not withstand review. "Since symptoms sometimes suggest a greater

5

severity of impairment than can be shown by objective medical evidence alone," all information submitted by a claimant concerning his or her symptoms must be considered. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). As such, a claimant's testimony "carries independent weight" and "is entitled to considerable weight *when it is consistent with and supported by objective clinical evidence* demonstrating that the claimant has a medical impairment which one could reasonably anticipate would produce such symptoms." *Matejka v. Barnhart*, 386 F.Supp.2d 198, 207 (W.D.N.Y. 2005); *Mendoza v. Astrue*, 2008 WL 5054243, at *16 (N.D.N.Y. Nov. 20, 2008) (emphasis added).

However, "subjective complaints alone are not a basis for an award of disability insurance benefits in the absence of corroborating objective medical evidence." *Mauro v. Comm'r of Soc. Sec. Admin.*, 746 F. App'x 83, 84 (2d Cir. 2019). After considering a plaintiff's subjective testimony, the objective medical evidence, and any other factors deemed relevant, the ALJ may accept or reject a claimant's subjective testimony. *Martone v. Apfel*, 70 F.Supp.2d 145, 151 (N.D.N.Y. 1999). Certainly, ALJs are "not obliged to accept without question the credibility of such subjective evidence." *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

Plaintiff maintains that ALJ Theurer "erred in his analysis of Plaintiff's subjective allegations." Pl.'s Mem. of Law at p. 10. Plaintiff's subjective complaints include right shoulder pain, short-term memory impairments, and lethargy. Tr. at pp. 13-17. In evaluating Plaintiff's subjective complaints, the ALJ found that "the

claimant's statements concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. at p. 24. In so finding, the ALJ acknowledged Plaintiff's symptoms, but gave more weight to the objective medical findings of record. Tr. at p. 24. In doing so, ALJ Theurer engaged in a detailed analysis of the medical evidence and Plaintiff's current health showing that Plaintiff had "a cooperative attitude, adequate social skills, appropriate eye contact, coherent and goal directed thought processes, a full range of affect, intact attention/concentration, intact memory, average intelligence, adequate insight and adequate judgment." Tr. at pp. 23-25.

ALJ Theurer also considered Plaintiff's self-reported activities of daily living stating that she cooked, cleaned, and was "90-95% improved." *See Ewing v. Comm'r of Soc. Sec.*, 2018 WL 6060484, at *5 (W.D.N.Y. Nov. 20, 2018) ("Indeed, the Commissioner's regulations expressly identify 'daily activities' as a factor the ALJ should consider in evaluating the intensity and persistence of a claimant's symptoms."). At her hearing, Plaintiff testified that she "helps" her grandmother and ensures that she is "fed" and "doesn't fall," in addition to cooking, cleaning, and taking care of herself. Tr. at pp. 48-50. Plaintiff also reported that she cares for her three pets, can manage money, and has hobbies that include reading and painting. Tr. at pp. 327, 329-330. Additionally, Plaintiff reported that her migraines occur only four times a month and "do not prevent her from completing most of her daily activities." Tr. at p. 24. Further

supporting the RFC finding is the fact that it accounts for Plaintiff's subjective complaints by stating that Plaintiff "cannot reach overhead with the right upper extremity" and limiting her to "simple tasks." Tr. at pp. 22-23.

Remand is not recommended on this ground.

### 2. *Consistency of Medical Opinions*

Nor does the Court recommend remand for the ALJ's alleged failure to adequately consider the consistency between several medical opinions. When evaluating medical evidence an ALJ must consider, among other factors, "the consistency of the opinion with the remaining medical evidence." *Schillo v. Kijakazi*, 31 F.4th 64, 75 (2d Cir. 2022) (internal quotation marks omitted). In doing so, the ALJ "must *explicitly* apply th[is] factor[]." *Id.*; *see also Dana Marie M. v. Comm'r of Soc. Sec.*, 2022 WL 2314560, at *6 (N.D.N.Y. June 28, 2022) ("An ALJ is required to explain his or her consideration of these factors and is not entitled to generally assert that an opinion is 'consistent with' . . . the record, without further elaboration."). To properly analyze consistency, the ALJ must conduct "an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record." *Vellone v. Saul*, 2021 WL 319354, at *6 (S.D.N.Y. Jan. 29, 2021); *see also Jennifer G. v. Comm'r of Soc. Sec.*, 2023 WL 8435991, at *9 (N.D.N.Y. Sept. 6, 2023) (remanding where the ALJ failed to "meaningfully discuss" the consistency of medical opinions).

Here, Plaintiff asserts that the ALJ did not properly consider the consistency of the medical opinions of Drs. Vasquez Gonzalez, Siddiqui, and Shapiro. Pl.'s Mem. of

8

Law at pp. 21-25. The Court disagrees. In evaluating the opinions of Drs. Vazquez Gonzalez, Siddiqui, and Shapiro, the ALJ found them consistent with Plaintiff's "very conservative course of treatment" and "own statement from early 2021 when the claimant told her treatment provider that she was 90-95% improved." Tr. at p. 23. The ALJ went on to find Dr. Shapiro's opinion also consistent with "other records that describe normal motor activity, a cooperative attitude, normal thought processes, intact memory, intact attention, intact concentration, intact insight, intact judgment and intact impulse control." Tr. at pp. 23-24. Here, "the ALJ discussed the consistency . . . factor[] to a sufficient degree such that the Court can glean the ALJ's rationale." *Tara B. v. Comm'r of Soc. Sec.*, 2023 WL 7281138, at *1 (N.D.N.Y. Nov. 3, 2023).

Because the ALJ meaningfully discussed and applied the consistency factor, the Court does not recommend remand on this ground.

### IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings be **DENIED**; and it is further

**RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

**ORDERED,** that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: March 25, 2024
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge